# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                                     CaseNo.04-11507 DHW
                                                           Chapter 7

EDITH RUTLAND,

      Debtor.

## MEMORANDUM OPINION

On September 8, 2004, the case trustee, Collier H. Espy, Jr., filed an objection (Doc. #7) to part of the debtor's claim of exempt property.[1]  Pursuant to this court's local rules, an order (Doc. #8) entered sustaining the trustee's objection when the debtor did not file a response within the time allowed.[2]  Then, on October 12, 2004, the debtor moved (Doc. # 10) to reconsider the order sustaining the objection.  The matter was set for hearing in Dothan on November 17, 2004.[3]  The trustee does not oppose reconsideration of the order and a ruling on the merits of his objection to the claimed exemption.

### JURISDICTION

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order of reference of title 11 matters.  Further, because this matter involves the allowance of an exemption from estate property, it is a core proceeding under 28 U.S.C. § 157(b)(2)(B) extending this court's jurisdiction to the entry of a final order or judgment.

---

[1]Trustee's objection is timely because it was made within 30 days following the conclusion of the meeting of creditors.  See Fed. R. Bankr. Proc. 4003(b).

[2]Under L.B.R. 9007-1(a)(6), the  trustee's objection to a debtor's claim of exemption may be sustained without hearing if the debtor does not file a timely response.

[3]At the hearing, trustee and the debtor's counsel requested and were given an opportunity to brief the issue of law presented here.  See the court's submission order (Doc. #15) dated November 19, 2004.

FACTUAL FINDINGS

The relevant facts are not in dispute. Edith Rutland filed a chapter 7 bankruptcy petition for relief on July 14, 2004. Prior to filing bankruptcy, Rutland cashed out a $6,000 retirement benefit and on or about May 12, 2004, paid $4,800 of the retirement money to her residential landlord, Colony Square. This payment resulted in Rutland's pre-paying her apartment rent for approximately one year. Rutland claims the $4,800 paid to her landlord as exempt under the Alabama homestead exemption statute.[4]

CONCLUSIONS OF LAW

The sole issue presented here, one of apparent first impression in this state, is whether the debtor can properly claim pre-paid residential apartment rents as exempt under the Alabama homestead exemption statute, *Alabama Code*, § 6-10-2 (1975).

Alabama law controls because the state has opted out of the federal exemptions allowed to title 11 debtors. *See Alabama Code*, § 6-10-11 (1975).[5] The homestead exemption statute provides in relevant part:

> The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, *to the extent of any interest he or she may have therein, whether a fee or less estate* or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy ......

*Alabama Code*, § 6-10-2 (1975)(Emphasis added).

In construing exemption statutes, especially the homestead exemption, courts must do so liberally. "The law looks with favor on the homestead, and the homestead statutes are to be construed liberally in furtherance of the public policy they express." *First Alabama Bank v. Renfro*, 452 So.2d 464, 468 (Ala. 1984).

---

[4]*See* Amended Schedule C (Doc. #6) filed on August 26, 2004.

[5]States' authority to opt out of the federal exemptions is provided by 11 U.S.C. § 522(b).

"Homestead laws are based upon a public policy which recognizes the value of securing to the householder a home for himself and family regardless of his financial condition. The preservation of the home is of paramount importance because there the family may be sheltered and preserved." *Id.* at 468.

This court has recently had occasion to examine homestead exemption claims by bankrupt debtors in *In re Hughes*, 306 B.R. 683 (Bankr. M.D.Ala. 2004) and in *In re Simmons*, 308 B.R. 559 (Bankr. M.D.Ala. 2004). In both these cases the court concluded that under Alabama law there are two prerequisites for a rightful homestead exemption claim: ownership and occupancy. *Beard v. Johnson*, 87 Ala. 729, 6 So. 383, 383-84 (1889); *Frazier v. Espalla*, 220 Ala. 446, 125 So. 611, 612 (1929); *Blum v. Carter*, 63 Ala. 235 (1879); *Memory v. Brasington (In re Brasington)* 10 B.R. 76 (Bankr. M.D.Ala. 1981).

Unlike this case, the issue in both *In re Hughes* and *In re Simmons* concerned the character of the debtors' occupancy of the property claimed under the exemption rather than the character of their ownership interests. Here, Rutland's occupancy of the apartment is not questioned. Rather, the focus is on the quality of her ownership.

Under Alabama law, the "ownership" prerequisite for a valid homestead exemption claim does not require absolute ownership or an estate in fee. "It was not contemplated nor intended by the term "owned" as employed in the constitution, that absolute ownership or an estate in fee be essential to a valid exemption of real property from payment of debts. There is no limitation to any particular estate, either as to donation, quantity, or extent. It is the land on which the dwelling-place of the family is located, used and occupied as a home, which the constitution and statutes protect, however inferior may be the title, or limited the estate or interest." *Tyler v. Jewett*, 82 Ala. 93, 2 So. 905, 908 (1887); *Bailey v. Dunlap Co.*, 138 Ala. 415, 35 So. 451; *Nolen v. East*, 181 Ala. 226, 61 So. 261 (1913).

Moreover, the language of the statute in describing the quality of ownership required for a homestead exemption does not exclude a leasehold interest. Rather the statute provides that any interest, "whether a fee or less estate", qualifies. *Alabama Code*, § 6-10-2 (1975).

Finally, the Alabama Supreme Court has recognized that a tenancy may be claimed under the homestead exemption at least as against the tenant's creditors. "..... [A] homestead right may attach to land, whether held in fee, or for life, or a term of years. In fact, one wrongfully in possession, but claiming a right to hold, may impress upon the premises occupied the character of a homestead, not so as to affect the rights of the true owner, but against creditors and all other persons, except the owner of a superior title." *Winston v. Hodges*, 102 Ala. 304, 15 So. 528, 530 (1894). For these reasons the court concludes that a leasehold interest giving the debtor a present right to possession as of the date of the bankruptcy satisfies the "ownership" requirement for a valid homestead exemption. It follows that the pre-paid rents attributable to the leasehold, may be claimed as exempt under Alabama law.[6]

The inquiry, however, cannot end here. Although it is possible to impress a homestead on a leasehold interest under Alabama law and through it to exempt pre-paid rents, the state law exemption may be preempted by the Bankruptcy Code. Under 11 U.S.C. § 522(g), a debtor may not claim as exempt property recovered by the trustee under § 550 (which incorporates transfer avoidance actions brought under §§ 544, 545, 547, 548, 549, 553(b), or 724(a)) if the debtor made the transfer voluntarily.[7]

In the present case it is clear that Rutland made a volitional transfer to her

---

[6]Courts in other jurisdictions, having similar homestead exemption laws to Alabama's, have held that a chapter 7 debtor-tenant's leasehold interest is exempt from creditor claims as a homestead. *Stricka v. Casserino (In re Casserino)*, 379 F.3d 1069 (9th Cir. 2004); *In re Nagel*, 216 B.R. 397 (Bankr. W.D.Tx. 1997); *In re Cook*, 2003 WL 21790296 (Bankr. W.D.N.C. 2003); *In re Quintana*, 28 B.R. 269 (Bankr. D.Col. 1983). *But cf. In re Tenorio*, 107 B.R. 787 (Bankr.S.D.Fla. 1989) and *In re Kimball*, 2 B.R. 560 (Bankr.W.D.La. 1980) holding that a leasehold does not qualify for homestead exemption under state law.

[7]The exact text of the statute provides:
 (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
    (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
        (B) the debtor did not conceal such property; or
    (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

landlord prepaying her apartment rent.  If the trustee is able to avoid that transfer under one of the avoidance powers sections enumerated in § 550, then § 522(g) precludes the debtor from claiming the recovered funds as exempt.

## CONCLUSION

Pursuant to F.R.B.P. 9021 a separate order consistent with this opinion will enter sustaining the trustee's objection to the debtor's homestead exemption in part and overruling the objection in part.  If trustee is able to recover the monies paid by the debtor to her landlord under one of the transfer avoidance sections enumerated in 11 U.S.C. § 550, then the  debtor may not exempt the recovered funds.  However, any other recovery made by the estate which is attributable to the leasehold may be properly exempted by the debtor.[8]

Done this December 9, 2004.

Dwight. H. Williams, Jr.
United States Bankruptcy Judge

---

[8]For example, if the trustee assumed this lease under 11 U.S.C. §365 and thereafter, assigned the leasehold to a third party for a profit,  the debtor would be entitled to exempt from that profit her homestead from the bankruptcy estate.